IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YAZMIN GONZALEZ, individually and behalf of classes of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS,<br><br>Defendant. | Case No. 1:24-cv-00065-RP |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff's Response (Dkt. 12, "Response") to American-Amicable's Motion to Dismiss (Dkt. 11, "Motion") her First Amended Complaint (Dkt. 10, "FAC") fails to rebut the well-supported grounds for relief presented in the Motion. Therefore, the FAC should be dismissed with prejudice.

**I.      Plaintiff Urges this Court to Apply Incorrect Legal Standards for the Motion.**

For starters, though she does cite to *Twombly* and *Iqbal*, Plaintiff incorrectly posits that this Court may grant the Motion under Rule 12(b)(6) "only if 'it appears certain that the [P]laintiff cannot prove any set of facts in support of [her] claim that would entitle [her] to relief.'" Dkt. 12 at 3-4 (quoting *Benton*)). Not so. Indeed, *Benton* predates the Supreme Court's decisions in *Twombly* and *Iqbal* by two decades and, thus, it is not reflective of the current standard of review under Rule 12(b)(6) that this Court must apply—which mandates the pleading of sufficient non-conclusory facts supporting each of the essential elements of her claims. *See, e.g.,* Dkt. 11 at 6-7 (collecting cases); *Linehan v. Univ. of Texas at Tyler*, 2017 WL 892119, at *1 (E.D. Tex. Mar. 7, 2017) ("A plain reading of *Twombly* indicates that the Supreme Court abrogated the 'no set of facts' standard….").[1]

Similarly, while Plaintiff contends the threadbare allegations in her FAC "are more than sufficient to put [American-Amicable] on notice of the claim being asserted" (Dkt. 12 at 4), that is not the correct legal standard that must be applied here, either. *See, e.g., Luckett v. Allstate Indem. Co.,* 2019 WL 1447477, at *5 (S.D. Miss. Mar. 30, 2019) (After *Twombly/Iqbal*, "federal courts have recognized that the pleading requirements of Rule 8 have 'shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than a possibility of relief to survive a motion to dismiss.'") (quoting *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3rd Cir. 2009)); *St. Germain v. Howard*, 556 F.3d 261, 263, n.2 (5th Cir. 2009) ("*Twombly* jettisoned the

---

[1] *See also Washpon v. Progressive Corp.,* 2024 WL 874721, at *2 (W.D. Tex. Jan. 26, 2024) (To comply with *Twombly/Iqbal*, "'plaintiffs must still present specific facts, rather than conclusory allegations, to avoid a Rule 12(b)(6) dismissal.'") (quoting *Hoi v. Kuo-Hua,* 2023 WL 5167032, at *2 (N.D. Tex. June 27, 2023), *report and rec. adopted*, 2023 WL 5311479 (Aug. 17, 2023)).

minimum notice pleading requirement of *Conley v. Gibson*, [] and instead required that a complaint allege enough facts to state a claim that is plausible on its face.") (citations omitted). In other words, contrary to what her Response suggests, Plaintiff must support the TCPA claims in her FAC with sufficient actual ***facts***; and she cannot rely on bald conclusions or rank speculation and avoid dismissal under Rule 12(b)(6). As shown in the Motion and below, the latter is all Plaintiff did here.

Plaintiff also repeatedly suggests that she needs "discovery" to plead a plausible TCPA claim here. *See* Dkt. 12 at 1, 7, 8, 20. Yet, Plaintiff is "not entitled to discovery prior to the disposition of the Rule 12(b)(6) motion." *Robinson v. Stephens*, 726 F.App'x 228, 229 (5th Cir. 2018). Rather, as one court dismissing a TCPA case aptly noted, as the "master of h[er] Complaint," Plaintiff not only has the "burden to state the facts within h[er] knowledge that, taken as true, constitute a violation or violations of law" but also is presumed to "possess[] knowledge as to each and every telephone call [s]he [allegedly] received from [American-Amicable] and is perfectly capable of pleading facts to indicate to the Court that those calls violated the TCPA"—but she is <u>not</u> entitled to discovery to help her do so. *Hyatt v. J.B. Hunt Transp. Servs., Inc.*, 2015 WL 13648356, at *2 (W.D. Ark. June 16, 2015). "As [Plaintiff] failed to plead these facts, [her] [FAC] must be dismissed." *Id*.

II.     **<u>Plaintiff Fails to Plausibly Allege Direct Liability and Concedes Vicarious Liability.</u>**

Again, the Motion demonstrates that: (i) Plaintiff must adequately plead a theory of TCPA liability with supporting facts, in addition to facts supporting the other essential elements of her claims, or her entire FAC is subject to dismissal under Rule 12(b)(6); and (ii) for direct TCPA liability to attach here, she must plead sufficient non-conclusory facts supporting a plausible inference that American-Amicable <u>itself</u>—not a third party—"physically" placed each of the alleged calls. *See, e.g.,* Dkt. 11 at 9-12 (citing, *inter alia*, *Daybreak Solar*, *Nelums*, *Sheski*, *Metzler*). In other words, a call physically placed by a third party—even if allegedly made on behalf of a defendant,

2

was later transferred to that defendant, or results in the plaintiff buying the defendant's product—is not direct TCPA liability. *Id* at 10-13 & n. 6 (citing various cases). That is because "merely offering a good or service for sale does not mean that a retailer [itself physically] initiates the marketing calls for that product" for direct TCPA liability purposes. *Id.* at 13 (quoting *Wick v. Twilio Inc.,* 2017 WL 2964855, at *3 (W.D. Wash. July 12, 2017). *See also id.* (citing *Bennett* (ruling similarly)).

Plaintiff's Response does not argue otherwise or cite any applicable contrary authority, and only argues in favor of direct TCPA liability. At the same time, it also does not show where there are any non-conclusory facts pled in Plaintiff's FAC supporting an inference that American-Amicable itself physically placed any calls directly to her, as is required. That is because none exist. Instead, Plaintiff makes various counterarguments on this issue, each of which is devoid of merit:

**First**, Plaintiff suggests that she need only plead "sufficient facts to demonstrate [American-Amicable's] involvement" in the alleged calls to avoid dismissal on this basis. Dkt. 12 at 10. However, mere alleged "involvement" in a call—even if she inexplicably purchased an American-Amicable policy during one call by "Senior Benefits," as is one Plaintiff's primary arguments—is not enough for direct TCPA liability. To be sure, what the Motion shows, and what Plaintiff's Response fails to acknowledge, is that it is well-accepted that the defendant itself must literally pick up the phone and physically call the plaintiff directly, for direct TCPA liability to attach under federal law. *See* Dkt. 11 at 9-13 (citing various cases); *see also In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013) ("[M]erely having some role, however minor, in the causal chain that results in the making of a telephone call" is insufficient for direct TCPA liability). Here, while she banters around the word "directly" in conclusory fashion, Plaintiff stops short of ever arguing American-Amicable itself "physically" placed any calls in her Response. Nor does her FAC allege this. She even concedes she does not actually know whether the alleged calls "originated from the same source"—*i.e.,* from

American-Amicable or a third party—because she believes (albeit incorrectly, as noted above) that this "is a matter to be further evaluated in discovery." Dkt 12 at 7. This just underscores that Plaintiff has not adequately alleged a direct liability theory here, which she must do without the benefit of discovery. *See Scruggs v. CHW Grp., Inc.,* 2020 WL 9348208, at *6 (E.D. Va. Nov. 12, 2020) (dismissing, noting plaintiff's argument that he had sufficiently pled direct liability was "inconsistent with his factual assertion that he needs discovery to confirm who called him and how that person is related to" the defendant). Nevertheless, the only question this Court must decide now is whether Plaintiff has adequately alleged, with actual supporting facts and not naked conclusions or rampant speculation, that American-Amicable itself physically placed each of the "Senior Benefits" calls. *See* Dkt. 11 at 9 (citing *Brownlee*). Plaintiff plainly has not, and her Response does not show otherwise.

**Second**, Plaintiff's counterarguments on direct liability rely entirely on the conclusory allegations she added to her FAC that (i) the calls at issue originated from "spoofed" (*i.e.*, fake) numbers and (ii) "Senior Benefits" is a "fake" name American-Amicable uses to "hide" its identity when making calls. Dkt. 12 at 5-7, 10, 12. The flaws in her arguments are manifest and multi-faceted.

For one thing, merely concluding that the name or numbers used by the caller(s) were "fake"—***without pleading any supporting facts*** showing how Plaintiff arrived at those conclusions—does not remotely satisfy basic federal pleading standards, much less state a plausible direct TCPA liability claim sufficient to avoid dismissal, as other courts in this Circuit and elsewhere have correctly held. *See, e.g., Cunningham v. Daybreak Solar Power, LLC*, 2023 WL 3985245, at *2 (N.D. Tex. June 13, 2023) (dismissing on this basis where the plaintiff did not plead any facts supporting his conclusion the name used by the caller was a "trade or marketing name" used by the defendant rather than the real name of the actual caller, noting "that such conclusory assertions fail to plausibly show that Defendant physically initiated the phone call"); *Childress v. Liberty Mut. Ins.*

4

*Co.,* 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) (dismissing on this basis, where plaintiff did not plead factual support for his conclusion the defendant used a "fake name" to place calls).[2] In short, merely asserting that the names and numbers are fake without explaining why is not a "fact."

For another, Plaintiff ignores the directly contradictory (and thus inherently implausible) allegations in her FAC, outlined in the Motion, in this regard. *See* Dkt. 11 at 14. To reiterate just one poignant example, Plaintiff now alleges some of the numbers used will "ring to local residents unrelated to Defendant" if called back (Dkt. 10, ¶ 34), which does not support an inference that those numbers were truly "spoofed" or used by American-Amicable to call Plaintiff "directly" in June of 2023. If anything, that allegation supports an opposite inference: *i.e.*, that these "local residents" were actually who placed those calls using those numbers. Tellingly, Plaintiff's Response does not even address, much less attempt to reconcile, this contradiction or the many others in the FAC—that is, beyond just concluding "there is no contradiction" without explanation (*see* Dkt. 12 at 15). Nevertheless, "'[w]here [a] plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss.'" *Cicalese v. Univ. of Texas Med. Branch*, 456 F. Supp. 3d 859, 872, n.8 (S.D. Tex. 2020) (quoting *Carson Optical Inc. v. eBay Inc.,* 202 F. Supp. 3d 247, 255 (E.D.N.Y. 2016)).

Further, while Plaintiff boldly proclaims that she conducted a "textbook investigation … to ascertain the identity of each" caller (Dkt. 12 at 1), she not only fails to indicate what this supposed "investigation" entailed, but also does not describe where the factual details of it are pled in her FAC. That is because there are no such details. Moreover, while Plaintiff argues in the same breath that "the only ascertainable entity here is Defendant" (*id*.), she simply ignores that "Senior Benefits" (i) was identified as the initial caller—who, at best, "transferred" her on one call to someone connected

---

[2] Both of these are call transfer cases, with substantially similar fact patterns to the present case.

with American-Amicable (which again is not direct TCPA liability)—according to her own pled allegations, and (ii) is indeed a <u>real</u> third party entity, and <u>not</u> a "fake name" used by American-Amicable to place calls, as a simple Westlaw or PACER search quickly confirms. *See, e.g., Horton v. Advantage One Brokers Corp,* 2024 WL 251172, at *4-5 (N.D. Tex. Jan. 4, 2024) (awarding default judgment in an unrelated TCPA case based on a complaint alleging receipt of prerecorded calls by "Senior Benefits" made "on behalf of" a different insurance company); *Cunningham v. Politi,* 2020 WL 1808239, at *5 (E.D. Tex. Jan. 26, 2020) (same);[3] *Abramson v. North Star Insurance Advisors, LLC,* Case No. 2:22-cv-827 (W.D. Pa. June 7, 2022), Dkt. 1, ¶¶ 30, 34 (complaint alleging calls by a company called "Senior Benefits" in an unrelated TCPA case against different insurance company).[4] Thus, whatever "investigation" Plaintiff conducted (if any) before filing her FAC or this lawsuit, it was clearly faulty. Either way, Plaintiff has not plausibly alleged that "Senior Benefits" was really American-Amicable calling her, and cannot credibly do so, especially given the foregoing.

**Third**, Plaintiff's arguments on direct liability also rest squarely on several new, albeit equally conclusory and speculative, "facts" found nowhere in her FAC. *See, e.g.,* Dkt. 12 at 5 (alleging American-Amicable was "spoofing the caller IDs to random numbers such as to make them impossible to trace via subpoena"); 6 & 16 (alleging she received "randomly spoofed caller IDs"); 7 (discussing the "robot" American-Amicable supposedly used, and asserting that "the use of agents in different departments of a company conducting illegal telemarketing is the norm"); 8 (asserting

---

[3] Defaults were granted in *Horton* and *Politi* on a <u>vicarious</u> TCPA liability theory, which has different pleading requirements than direct TCPA liability (*i.e.*, having "control" over the "manner and means" of the calls). *See* Dkt. 11 at 15 & n.7 (citing various cases). In this case, Plaintiff argues only in favor of direct liability (*see* Dkt. 12 at 2); and, other than one cursory mention of "agency" (*id*. at 14), her Response does not address American-Amicable's arguments on vicarious liability. Thus, Plaintiff has <u>conceded</u> that her FAC should also be dismissed on vicarious liability grounds. *See, e.g., Black v. Panola Sch. Dist.,* 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that the plaintiff's failure to defend a claim in response to a motion to dismiss constituted "abandonment" of the claim).

[4] *See also Norris v. Hearst Tr.,* 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a [Rule] 12(b)(6) motion to take judicial notice of matters of public record.").

that the June 19 "call was placed by Defendant as an initial matter" and then "simply transferred from one employee to another internally using some sort of system designed for this very purpose and specialization"); 15 ("Plaintiff has identified the steps Defendant took to place the calls"). These speculative "facts" not only fail to meet federal pleading standards but also should be rejected on their face, as Plaintiff cannot amend her defective pleading through briefing. *See EuroTec Vertical Flight Sols., LLC. v. Safran Helicopter Engines S.A.A.*, 2019 WL 3503240, at *17 n.10 (N.D. Tex. Aug. 1, 2019) (citing *Energy Coal v. Citgo Petroleum Corp.,* 836 F.3d 457, 462 n.4 (5th Cir. 2016)).

**Fourth**, Plaintiff cherry-picks from and misconstrues a handful of American-Amicable's authorities on this issue, while ignoring the balance. *See* Dkt. 12 at 12-16 (citing various cases). For example, as noted above, the plaintiff in *Daybreak Solar* alleged, with no factual support, that "The-Solar-Project.com" was a "trade or marketing name" used by the defendant (not a third party) to directly place calls, and that he was subsequently transferred to the defendant, which the court held was insufficient to allege direct liability. 2023 WL 3985245, at *2. Here, Plaintiff likewise alleges, with no factual support, that "Senior Benefits" is a "fake name" used by American-Amicable to place calls, and he was "transferred" on one call (twice) before reaching anyone identifying American-Amicable. *See* Dkt. 10, ¶¶ 33, 37-40. In short, the conclusory allegations that were correctly rejected in *Daybreak* are **virtually identical** to those at bar. The result should be the same in this case.

Similarly, in *Smith v. Direct Building Supplies, LLC,* the plaintiff did indeed allege that he answered the calls, contrary to what Plaintiff argues. *See* 2021 WL 4623275, at *1 (E.D. Pa. Oct. 7, 2021). Yet, that court dismissed because the complaint "provide[d] no details specifying how [plaintiff] knew that Direct Building Supplies in fact [physically] placed th[o]se calls." *Id*. at *3-4. That is what Plaintiff's FAC lacks. In *Brownlee v. Allstate,* the plaintiff did not plead she received "facially unrelated calls from at least six different callers," as Plaintiff argues, either. Rather, for

7

three calls, she identified Allstate by name in some fashion, did not identify a name for the rest, and argued "the similarity of the numbers that called her and the fact that each caller tried to sell her car insurance could lead the Court to reasonably infer that defendant was responsible for each call." 2021 WL 4306160, at *1 (N.D. Ill. Sept. 22, 2021). The court rejected this, noting Allstate is not the only auto insurer, caller ID "spoofing is not unique," and it was "entirely possible" another insurer was trying to call her for those calls. *Id*. Here, the only alleged similarity between "Senior Benefits" and American-Amicable is the former was "calling to sell a life insurance policy." Dkt. 10, ¶ 33.[5]

Likewise, in *Doyle v. GoHealth, LLC,* the court was "not convinced that [p]laintiff ha[d] alleged direct liability under the TCPA" there because the plaintiff "acknowledge[d] that the initial telemarketing call he received only identified the caller as 'Sarah, a Medicare Specialist,'" and did not plead facts showing the number used "belonged to Defendant." 2023 WL 3984951, at *4 (D.N.J. Mar. 30, 2023). Here, Plaintiff identifies the initial caller only as "Senior Benefits" and does not give any factual support for his conclusions that the numbers used belonged to or were used by American-Amicable. Further, in *Aaronson v. CHW Group, Inc.,* the plaintiff merely alleged, with no factual support, that the phone number used was "one of the Defendant's many phone numbers" but pled no "facts to explain why plaintiff believes the identified phone number is owned by the defendant," which the court held "amounts to nothing more than another conclusory allegation that defendant made the calls to plaintiff's cellular phone" and thus is insufficient for direct TCPA liability. 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019). Here, Plaintiff similarly concludes that American-Amicable was "spoofing" numbers and using a "fake name" to mask its identity to call her, but pleads no facts to explain ***why she believes this*** and, worse, pleads directly contradictory facts.

---

[5] *See also Belleville v. Fla. Ins. Servs., Inc.,* 2024 WL 2342337, at *4 (S.D. Fla. May 23, 2024) (dismissing TCPA case on this basis, and noting that "[A] telemarketer asking if they can provide an insurance quote is like a police officer asking if you know why you are being pulled over. It is a common practice that fails to narrow down [the calls to] Defendant in any way.").

Lastly, in *Bank v. Vivint Solar, Inc.*, the court noted that "absent from the pleading are any specifics as to the statements made by the Transferee (the live person to whom the robocall was forwarded) regarding the source of the Prerecorded Call" and, thus, dismissed the TCPA claim on direct liability grounds. 2019 WL 2280731, at *2 (E.D.N.Y. Feb. 25, 2019). Here, too, Plaintiff does not allege either transferee confirmed the source of the allegedly prerecorded "Senior Benefits" call.[6]

**Finally**, Plaintiff's scant cited authorities on this issue are distinguishable. *See* Dkt. 12 at 8-10, 14 (citing *Hossfield*, *Nater*, *Taylor*, *Stemke*, *Watts Guerra*, *Smith*). Though local briefing limits do not permit American-Amicable to list all the ways this is so here, even a cursory review shows that each case Plaintiff cites involved markedly different pled allegations and/or legal issues than those at bar and, thus, they are inapposite.[7] It is also readily apparent that each case is (respectfully) merely an outlier decision standing in stark contrast to the vast weight of applicable, well-reasoned authority cited in the Motion and above—all showing that taking an "either/or" pleading approach and concluding without factual support that the "defendant or its agents called me" is not enough to allege any plausible theory of TCPA liability. In sum, Plaintiff's cases should carry no weight here.

### III. Plaintiff's Remaining Counterarguments Likewise Fail.

Plaintiff's remaining counterarguments quickly fall apart and should be summarily rejected:

First, ignoring all of American-Amicable's cited authorities and citing only one outlier

---

[6] While Plaintiff takes issue with American-Amicable's citations to *Frank*, *Rogers*, and *Woodard*, those opinions were merely cited for the simple (and undisputed) legal proposition that plaintiffs must do much more than parrot the statutory text or case law to survive dismissal on this basis.

[7] To give just a few key examples, *Hossfeld* is a summary judgment decision on vicarious liability, and both *Nater* and *Watts* involved vicarious liability. Here, as noted above, Plaintiff has conceded that she is not asserting a vicarious liability theory. In *Stemke*, the plaintiff or her counsel somehow "confirmed" the numbers used belonged to the defendant. Not so here. The *Taylor* and *Smith* cases did not involve an initial call identifying a third party as the caller and that was expressly alleged to have been "transferred" to the defendant, like here. Further, the *Smith* court improperly conflated the legal standards for pleading direct and vicarious TCPA liability and Article III standing (which also has different pleading requirements). *See* 2022 WL 1003762, at *2 (E.D. Pa. Apr. 4, 2022).

9

decision, Plaintiff seemingly contends that describing the contents of the one June 19 call is enough to plausible allege a TCPA DNC claim. *See* Dkt. 12 at 17-19 (citing *Bird*). The point Plaintiff misses is that she pleads no facts about the content of the ***other*** alleged calls made by "Senior Benefits" suggesting those calls had anything do to with American-Amicable and, therefore, has not pled that she received ***more than one*** "telephone solicitation" call "***by or on behalf of the same entity***" in a 12-month period, as required. *See* Dkt. 11 at 16-18; *see also Belleville*, 2024 WL 2342337, at *5.

Next, Plaintiff posits that, because her FAC baldly concludes the name used was "fake" and the numbers used were "spoofed," that is sufficient to allege a "willful" or "knowing" TCPA violation by American-Amicable, entitling her to treble damages. *See* Dkt. 12 at 19-20. Again, Plaintiff pleads no factual support for those conclusions and, thus, the Court need not accept them as true when ruling on the Motion. *See* Dkt. 11 at 6-7 (citing *Ferrer*, *Bancroft*, and *In re Franklin Bank*).

As to whether she has plead facts demonstrating she is at imminent risk of a future injury sufficient for Article III standing to seek injunctive relief, Plaintiff states "it has come to counsel's attention that the Plaintiff now continues to receive calls…." Dkt. 12 at 20. Yet again, Plaintiff cannot amend her flawed pleading through briefing in response to the Motion. *See EuroTec, supra.*

Finally, Plaintiff asks for leave to amend (*see* Dkt. 12 at 21), but does not address American-Amicable's argument as to why the FAC should be dismissed with prejudice. *See* Dkt. 11 at 20 (citing *Siemens*). Therefore, she has conceded that point, as well. *See Black, supra.* "Moreover, a court may deny leave when [like in this case] the plaintiff neither provides a copy of the proposed amended complaint, nor explains how the proposed pleading would cure the deficiencies in the initial complaint." *Thomas v. Gilley,* 2023 WL 6531516, at *15 (W.D. La. Sept. 20, 2023), *report and rec. adopted*, 2023 WL 6529957 (Oct. 5, 2023) (citing *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021)). Consequently, Plaintiff's entire FAC should be dismissed with prejudice.

Dated: June 4, 2024						Respectfully submitted,

                                              **HUSCH BLACKWELL LLP**

                                       By: /s/ Ryan A. Burgett
                                              Ryan A. Burgett, TN BAR No. 33641
                                              736 Georgia Avenue, Suite 300
                                              Chattanooga, TN 37402
                                              Tel: (423) 266-5500
                                              Fax: (423) 266-5499
                                              ryan.burgett@huschblackwell.com

                                              John W. McGuinness (*Pro Hac Vice* to be requested)
                                              A. Paul Heeringa (*Pro Hac Vice* to be requested)
                                              MANATT, PHELPS & PHILLIPS, LLP
                                              1050 Connecticut Avenue, NW, Suite 600
                                              Washington, D.C. 20036
                                              Telephone: 202-585-6500
                                              Facsimile: 202-585-6600
                                              jmcguinness@manatt.com
                                              pheeringa@manatt.com

                                              *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on, June 4, 2024, a true and correct copy of the foregoing document was electronically filed with the Court's ECF system to be sent via the electronic notification system to all counsel of record in the above-captioned matter.

By: */s/ Ryan A. Burgett*
Ryan A. Burgett