**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

YAZMIN GONZALEZ, individually and behalf
of classes of all persons and entities similarly
situated,

        Plaintiff,

   v.                                Case No. 1:24-cv-00065-RP

AMERICAN-AMICABLE LIFE INSURANCE
COMPANY OF TEXAS,

        Defendant.

**DEFENDANT AMERICAN-AMICABLE'S**
**MOTION FOR PROTECTIVE ORDER TO**
**TEMPORARILY STAY OR BIFURCATE DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(c), Defendant American-Amicable Life Insurance Company of Texas ("American-Amicable") hereby respectfully moves for a protective order (i) temporarily staying all discovery in the above-captioned matter, until such time that the Court rules on American-Amicable's pending dispositive Motion to Dismiss (*see* Dkt. 11, "Motion to Dismiss"), Plaintiff's First Amended Complaint (Dkt. 10, "FAC"), which would dispose of this entire case with prejudice if granted, or (ii) alternatively, bifurcating discovery between Plaintiff's individual and the putative class members' claims, all for the sake of judicial and party economy. Relatedly, American-Amicable also respectfully requests that the Court either refrain from entering a scheduling order or continue any set discovery-related deadlines, including deadlines to respond to Plaintiff's discovery requests (*see* Ex. A, attached), until after it rules on the present motion. In support, American-Amicable respectfully submits the following incorporated memorandum of law.

## **INTRODUCTION**

In her threadbare FAC, Plaintiff Yazmin Gonzalez ("Plaintiff") attempts, but fails, to assert a plausible claim for relief against American-Amicable under the federal Telephone Consumer Protection Act ("TCPA") with requisite supporting facts. Her claims rest entirely on a handful of ill-described phone calls, allegedly made to her cell phone by a third party called "Senior Benefits" without her consent. To that end, American-Amicable's pending Motion to Dismiss demonstrates there are multiple well-supported grounds on which to dismiss Plaintiff's fatally-flawed FAC in its entirety and with prejudice under Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1), including, *inter alia*, that Plaintiff (i) does not plausibly allege facts, in accordance with well-settled federal pleading standards and applicable federal precedent, supporting an inference that American-Amicable itself (not a third party) "physically" initiated each of the at-issue phone calls, as is required to plead direct TCPA liability; (ii) does not plead facts supporting an inference that American-Amicable

1

had a common law agency relationship with (the touchstone of which in a TCPA case is having "control" over) a third party who did physically initiate the purported calls and that party's call campaign, as is required for vicarious TCPA liability; (iii) does not plead sufficient facts supporting the other essential elements of her claim under the TCPA's "Do-Not-Call" ("DNC") provisions; (iv) does not plead facts showing there has been a "knowing" or "willful" violation of the TCPA, supporting her request for treble damages; and (v) fails to plead facts suggesting she is at an imminent risk of future injury, so as to have standing to seek injunctive relief under Article III of the U.S. Constitution. *See generally* Dkt. 11. The Motion to Dismiss, which seeks a dismissal with prejudice, is now fully briefed (*see* Dkt. 13) and ripe for a decision by this Court. If granted, therefore, the Motion to Dismiss will be dispositive of all issues in this case, or at the very least may well dramatically alter the nature and scope of this case (and thus the scope of discovery).

Given the foregoing, there is simply no good reason why the parties or this Court should be burdened with conducting any costly and time consuming discovery (let alone broad class-related discovery) and resolving inevitable discovery disputes at this time, the need for which would be obviated should the Court dismiss Plaintiff's plainly-deficient FAC with prejudice. Federal courts routinely temporarily stay discovery in such instances. Respectfully, this Court should, too, here.

Indeed, this Court indisputably has broad discretion to control its docket and stay discovery where a pending dispositive motion reveals arguments that could entirely dispose of the case and raises pure legal questions that do not require discovery prior to ruling on the motion. American-Amicable's pending Motion to Dismiss does both and, thus, the Court should order a temporary stay here until after it rules on said motion. Moreover, given this case is in its early stages, a temporary discovery stay would not prejudice Plaintiff or the putative class members, and such would further conserve judicial resources by avoiding costly discovery disputes that are likely to be

wholly unnecessary. By contrast, American-Amicable will suffer hardship if forced to engage in costly discovery (particularly class discovery, as to which American-Amicable will bear the most burden and expense) that will likely all be rendered moot by American-Amicable's Motion to Dismiss. In sum, there is more than enough "good cause" for this Court to enter a protective order under Rule 26(c) temporarily staying discovery during the pendency of the Motion to Dismiss.

Alternatively, should the Court not enter a temporary discovery stay, it should nevertheless bifurcate discovery between Plaintiff's individual claims and the claims of the putative class members, also for the sake of judicial economy, so that the parties can resolve Plaintiff's individual claims first before moving on to much more costly class discovery, if at all. As one court recently noted, "[i]n cases asserting both individual liability and potential class action claims under the TCPA, courts have bifurcated discovery 'where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery.'" *Fania v. Kin Ins., Inc*., 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (quoting *Pavelka v. Paul Moss Ins. Agency, LLC,* 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023)). Such is true in this case.

Lastly, American-Amicable respectfully requests that the Court refrain from entering a scheduling order and/or stay any set discovery deadlines (including the deadline to respond to Plaintiff's discovery requests, *see* Ex. A attached) while the Court considers the instant motion.

## <u>ARGUMENT</u>

This Court's forthcoming determination of American-Amicable's fully-briefed Motion to Dismiss likely will dispose of this case in its entirety and with prejudice; or, at the very least, it could narrow the scope of discovery. As shown below, in light of the purely legal issues raised in the Motion to Dismiss, which do not require discovery to form a response, and to avoid potentially-needless and undoubtedly-costly discovery at this early stage of litigation (which would

only burden and prejudice American-Amicable), the Court should exercise its broad discretion to temporarily stay discovery until such critical case-dispositive questions are determined. If a stay is not granted, however, a bifurcated discovery schedule would be much more efficient in this case.

A.    **This Court Has Broad Discretion to Temporarily Stay Discovery Here Pending a Ruling on American-Amicable's Fully-Briefed Dispositive Motion.**

It is well accepted that federal district courts have broad discretion to control their dockets, including to enter protective orders limiting the scope or governing the timing of discovery under Fed. R. Civ. P. 26(c). *See, e.g.*, *Clinton v. Jones,* 520 U.S. 681, 706 (1997); *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir.1987)); *Whittington v. Mobiloil Fed. Credit Union*, 2018 WL 4278503, at *1 (E.D. Tex. Apr. 5, 2018); *see also* Fed. R. Civ. P. 26(c)(1) (courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"); Fed. R. Civ. P. 16(b)(4) (schedules may be modified "for good cause and with the judge's consent.").

Along those lines, the Fifth Circuit has held that "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus*, 833 F.2d at 583. Accordingly, courts in the Fifth Circuit have consistently found good cause under Rule 26(c) to stay discovery during the pendency of a dispositive motion where, as here, the motion may dispose of the entire case, thus obviating the need for costly discovery. *See, e.g.*, *Ohio Cas. Ins. Co. v. Gre3n, LLC,* 2024 WL 3205377, at *1 (M.D. La. June 27, 2024); *Armstrong v. Cumberland Acad.*, 2021 WL 2784296, at *2 (E.D. Tex. Mar. 22, 2021); *Walker v. Beaumont Indep. Sch. Dist.*, 2016 WL 3672224, at *3 (E.D. Tex. Feb. 11, 2016), *aff'd*, 938 F.3d 724 (5th Cir. 2019); *McAllen Anesthesia Consultants, P.A. v. United Healthcare Servs., Inc.*, 2015 WL 12839785, at *2 (S.D. Tex. July 17, 2015); *McPeters v. LexisNexis*, 2011 WL 13253446, at *1–2 (S.D. Tex. Oct. 5, 2011); *Est. of Brown v. Ogletree*, 2011 WL 13318528, at

*1–3 (S.D. Tex. Sept. 14, 2011); *Tostado v. Citibank (S. Dakota), N.A.*, 2009 WL 4774771, at *1 (W.D. Tex. Dec. 11, 2009); *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008); *Von Drake v. Nat'l Broad. Co.,* 2004 WL 1144142, at *1–2 (N.D. Tex. May 20, 2004). As discussed generally above and in further detail below, American-Amicable submits that there is ample good cause for such a stay in this case.

### B.      American-Amicable's Motion To Dismiss Demonstrates that the FAC is Facially Deficient and Ripe for Dismissal in its Entirety on Multiple Grounds.

Again, it is well accepted in the Fifth Circuit that a temporary stay of discovery is appropriate pending resolution of a potentially fully case-dispositive motion where resolving the motion might reduce or altogether preclude the need for discovery. *Fujita*, 416 F. App'x at 402; *Whittington*, 2018 WL 4278503, at *1; *Petrus*, 833 F.2d at 583. Such is true in the present case.

Here, even a cursory review of American-Amicable's Motion to Dismiss shows that it is well-supported by ample legal authority and undoubtedly has merit—especially given that Plaintiff's conclusory FAC fails to adequately state a claim against American-Amicable for relief under the TCPA even after Plaintiff amended it; and if granted, the Motion to Dismiss would dispose of this entire case with prejudice. Specifically, as summarized above and as discussed in detail in American-Amicable's Motion to Dismiss, the FAC is facially (and fatally) deficient, and ripe for a dismissal with prejudice, due to Plaintiff's failure to plead sufficient (or any) nonconclusory facts: (i) supporting an inference that American-Amicable "physically" initiated calls at issue or had a common law agency relationship with the party that did, as required for direct or vicarious TCPA liability; (ii) supporting the essential elements of her TCPA DNC claim; (iii) demonstrating a "knowing" or "willful" violation in support of her request for treble damages under the TCPA, or (iv) her Article III standing to seek injunctive relief. *See generally* Dkts. 11 and 13. Plaintiff's entire FAC is ripe for dismissal with prejudice under Fed. R. Civ. P. 12(b)(6)

and/or 12(b)(1) on the foregoing purely legal grounds, which alone justifies a discovery stay here.

But even if the Court does not dismiss the entire case, a partial dismissal (such as just a dismissal of her DNC claim, versus her "prerecorded" call claim) would serve to narrow the scope of discovery necessary, which also militates in favor of a stay. *See Fujita*, 416 F.App'x at 402; *see also Von Drake v. Nat'l Broad. Co.*, 2004 WL 1144142, at *1–2 (N.D. Tex. May 20, 2004) (granting motion to stay discovery where a cursory review of the motion to dismiss revealed that defendant had "substantial arguments for dismissal of many, if not all, of plaintiff's claims."); *Thomas v. NYC Dep't of Educ.*, 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010). Therefore, the Court should temporarily stay discovery in this case until ruling on American-Amicable's Motion to Dismiss for the sake of judicial and party economy. *See Armstrong*, 2021 WL 2784296, at *2 (granting stay pending ruling on motion to dismiss); *Walker*, 2016 WL 3672224, at *3 (same).

## C.   American-Amicable Will Suffer Hardship Absent a Discovery Stay.

Courts also routinely find "good cause" to temporarily stay discovery under Rule 26(c) where, as here, "further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *Fujita*, 416 F.App'x at 402; *see also Petrus*, 833 F.2d at 583 (finding trial court properly stayed discovery where "[n]othing that [plaintiff] could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion."). Indeed, the Fifth Circuit has held that "[d]iscovery is not justified when cost and inconvenience will be its sole result." *Landry*, 901 F.2d at 436. Such is also true in this case. American-Amicable will suffer hardship absent a stay because it will be forced to engage in individual and class discovery, which may be rendered moot by the Court's ruling on its Motion to Dismiss. Moreover, broad nationwide class claims like Plaintiff's in the present case (indeed, he seeks to represent two such classes) typically lead to significant class discovery, thereby multiplying American-Amicable's burden and

greatly increasing expenses considerably. *See Babare v. Sigue Corp.*, 2020 WL 8617424 at *2 (W.D. Wash. Sep. 30, 2020) ("It is well-recognized that discovery in [TCPA] class actions is expensive and asymmetric, with defendants bearing most of the burdens."). That is patently unfair.

Accordingly, district courts routinely grant motions to stay discovery in putative class actions like the present case, recognizing the heightened burden and costs associated with responding to class discovery, which is almost entirely borne by defendants, that could be swiftly assuaged with a ruling on a meritorious dispositive motion, like American-Amicable's Motion to Dismiss. *See, e.g., J.A. b/n/f Alvarez v. Texas Educ. Agency*, 2020 WL 3270834, at *2 (W.D. Tex. June 17, 2020) (staying discovery in putative class action pending resolution of dispositive motion); *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008) (staying discovery "given the burden to Defendant of reviewing the documents" without regard to the merits of the dispositive motion); *Tostado v. Citibank (S. Dakota), N.A.*, 2009 WL 4774771, at *1 (W.D. Tex. Dec. 11, 2009) (staying discovery where it would save the parties and court the "unnecessary cost and inconvenience associated with discovery on claims ultimately dismissed."); *see also* Fed. R. Civ. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and ***inexpensive*** determination of every action and proceeding.") (emphasis added). Applying these well-established legal principles further supports a temporary stay in this class action case.

Indeed, Plaintiff alleges that the potential members of the putative class are likely to number in the "hundreds, the "thousands," or even the "millions," which would undoubtedly increase the scope of discovery in this case, thereby leading to potentially unnecessary costs and resources in the event the Court disposes of the case upon ruling on American-Amicable's Motion to Dismiss. Dkt. 10, ¶¶ 6, 63. Thus, for this additional reason, the Court should stay discovery here.

**D.** **Plaintiff Will Not Be Prejudiced By a Temporary Stay of Discovery.**

Good cause also exists for a temporary stay of discovery in this case because Plaintiff will suffer no prejudice if the Court were to grant a temporary stay of discovery while it decides the Motion to Dismiss, nor can she credibly claim otherwise. The lack of prejudice to Plaintiff further supports a discovery stay in the present case, as courts in this Circuit have widely held. *See, e.g., Von Drake*, 2004 WL 1144142, at *1–2 (staying discovery where plaintiff failed to show that a temporary stay of discovery "would substantially or unduly delay the litigation should his claims survive summary dismissal"); *In re Harrah's Ent., Inc. Sec. Litig.*, 1997 WL 40640, at *2 (E.D. La. Feb. 3, 1997) (staying discovery pending resolution of dispositive motion and noting that a brief stay "w[ould] address plaintiffs' concern about the 'prejudice inherent with the substantial passage of time.'"); *Dresser v. MEBA Med. & Benefits Plan*, 2008 WL 2705584, at *2 (E.D. La. July 10, 2008) ("In balancing the harm produced by such a temporary stay at the outset of this case (which is nil) against the possibility that the motion to dismiss will be granted and entirely eliminate the need for such discovery, this Court has determined that a temporary stay is appropriate.").

Indeed, Plaintiff does not purport in her FAC to have suffered any actual damages (*i.e.*, out of pocket losses) as a result of the alleged calls in this case and, instead, seeks statutory damages under the TCPA as well as injunctive relief; therefore, Plaintiff will not suffer any financial hardship should a temporary stay be granted. *See generally* Dkt 10. Additionally, as noted above, this case is still in its infancy, the parties just filed a Rule 26(f) report, and there is currently no discovery or other case management schedule in place (and thus no discovery cut off or other deadlines). Consequently, a temporary discovery stay will have no adverse (or any) impact on Plaintiff or the Court and, instead, may eliminate the need for, or at least properly focus, discovery pending the Court's ruling on the Motion to Dismiss. *See Dresser*, 2008 WL 2705584, at *2.

Moreover, "a plaintiff's entitlement to discovery prior to a ruling on a motion to dismiss is

not unlimited and may be terminated when the record shows that the requested discovery is not likely to produce facts necessary to withstand judgment as a matter of law." *Dresser*, 2008 WL 2705584, at *2. Courts in the Fifth Circuit routinely grant a temporary stay of discovery during the pendency of a dispositive motion where, as here, discovery is not needed to respond to the motion. *See, e.g.*, *Armstrong*, 2021 WL 2784296, at *2; *Rio Grande Royalty Co.*, 2008 WL 8465061, at *1; *see also Petrus*, 833 F.2d at 583 (affirming stay of discovery where "[n]othing that [plaintiff] could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion."). This Court should rule similarly here given that American-Amicable's Motion to Dismiss raises purely legal issues which do not require discovery to form a response. *See* Dkt. 11.

Further, Plaintiff is not entitled to discovery in order to plead a plausible claim for relief. *See, e.g., Trudeau v. Univ. of N. Texas*, 2020 WL 4745752, at *6 (E.D. Tex. July 14, 2020), *aff'd sub nom. Trudeau v. Univ. of N. Texas, By & Through its Bd. of Regents*, 2021 WL 2908164 (5th Cir. July 9, 2021) (rejecting plaintiff's argument that he was entitled to discovery in order to sufficiently allege his cause of action against defendant and stating, "Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).[1] Thus, because a temporary discovery stay will not prejudice Plaintiff and she does not need (and is not entitled to) any discovery to respond to American-Amicable's Motion to Dismiss, good cause exists and a stay is warranted for this additional reason.

Finally, American-Amicable anticipates that, in response to this motion, Plaintiff will argue that a stay could lead to lost or destroyed evidence. That would be unavailing. It is well-settled that the ***mere possibility*** of unavailable or destroyed evidence is a prejudice inherent in ***any*** stay in ***any***

---

[1] *See also Hurley v. Messer*, 2018 WL 4854082, at *4 (S.D.W.Va. Oct. 4, 2018) (dismissing under Rule 12(b)(6) and holding in TCPA case that allowing a platiff to conduct discovery after failing to plead a plausible claim for relief violates federal pleading standards); *Hyatt v. J.B. Hunt Transp. Servs., Inc.*, 2015 WL 13648356, at *2 (W.D. Ark. June 16, 2015) (ruling similarly).

civil case that does not defeat a motion to stay discovery like this one. *See, e.g., Raimo v. Washington Univ. in St. Louis,* 2021 WL 243559, at *1 (E.D. Mo. Jan. 25, 2021) ("The risk of lost evidence or diminished witness recall is … relatively low in a case based on events that took place so recently."); *Fazio v. Lehman Bros., Inc,* 2002 WL 32121836, *3 (N.D. Ohio May 16, 2002) ("[g]eneral allegations and speculative risks regarding lost evidence or fading memories" are insufficient to overcome discovery stay); *Ankcorn v. Kohl's Corp*., 2017 WL 395707, at *4 (N.D. Ill. Jan. 30, 2017) (staying discovery in TCPA case); *Mestas v. CHW Grp. Inc.,* 2019 WL 5549913, at *2 (D.N.M. Oct. 28, 2019) (same); *Canady v. Bridgecrest Acceptance Corp.,* 2020 WL 5249263, at *4 (D. Ariz. Sept. 3, 2020) (noting the legal obligation to preserve evidence reduces the risk of evidence being destroyed, lost, corrupted, or forgotten). In short, that evidence ***could*** be lost or destroyed here is of no moment here. There is also no reason to assume this Court will not timely rule on the Motion to Dismiss, or that any temporary stay would be prolonged in this case.

Therefore, for all these reasons, a temporary discovery stay is appropriate in this case.

**E.      Should Discovery Proceed or Should American-Amicable's Motion To Dismiss Be Denied, in Whole or in Part, The Court Should Bifurcate Discovery.**

While American-Amicable believes that the grant of a stay will ultimately preclude the necessity of determining how discovery should be conducted (particularly given the likelihood of success of its Motion to Dismiss), should American-Amicable's pending Motion to Dismiss not be granted in its entirety or should the Court wish to proceed with discovery anyway while that motion is still pending, discovery should be bifurcated between individual and class discovery, as doing so would be much more efficient for the parties and Court alike, and not burden Plaintiff.

**1.      Bifurcated Discovery Would Be Appropriate, as There are Narrow Case-Dispositive Issues Unique to Plaintiff's Individual TCPA Claims that Can Be Efficiently Resolved without Class Discovery.**

Federal district courts also commonly bifurcate discovery for efficiency purposes, in TCPA

cases and in others, so that the parties can focus first on the plaintiff-specific discovery necessary for the court to address the merits of the named plaintiff's claims first before addressing class certification issues. *See, e.g., Whittington*, 2018 WL 4278503, at *1 (denying motion for class discovery, stating that plaintiff's individual claims should be addressed prior to initiating class-wide discovery, which would impose a substantial additional expense and burden on defendant).

In fact, federal courts ***routinely*** grant motions to bifurcate discovery in ***TCPA*** cases, like this one, recognizing that it is often more efficient for all concerned in such cases to do so. *See, e.g., Pavelka,* 2023 WL 3728199, at *3 ("In cases asserting both individual liability and potential 'class action' claims under the TCPA, courts have often approved bifurcating discovery in such cases where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery.") (collecting cases); *Osidi v. Assurance IQ, LLC,* 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022) (bifurcating discovery in TCPA case, noting: "[T]he need for class discovery may be eliminated if [d]efendant is able to demonstrate that the [n]amed [p]laintiff lacks viable individual claims."); *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021) (granting defendant's motion to bifurcate discovery in TCPA case, noting "[l]imited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery, which can be particularly resource intensive."); *Newell v. Aliera Healthcare, Inc.,* 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) (focusing discovery on case-dispositive issues specific to the named plaintiff "'has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery.'") (quoting *Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc*., 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014)); *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019) (granting defendant's motion to bifurcate discovery in TCPA case where

11

doing so served the interests of justice) (citing cases); *Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*, 2017 WL 2733758, at *1–3 (M.D. Fla. June 26, 2017) ("Within a district court's discretion in managing its cases in order to ensure that the cases move to a timely and orderly conclusion falls the discretion to bifurcate discovery.") (collecting cases); *Leschinsky v. Inter-Continental Hotels Corp.,* 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015) (granting defendant's motion to bifurcate discovery in TCPA class action, noting "Defendants' arguments in favor of a bifurcated discovery process [we]re well-taken"); *Degutis v. Fin. Freedom, LLC*, 2013 WL 10207621, at *1–2 (M.D. Fla. Oct. 18, 2013) (granting motion to bifurcate discovery, which allowed for 60 days of discovery of the named plaintiff's claims and staying class discovery until a ruling on a motion for summary judgment); *Physicians Healthsource, Inc. v. Anda, Inc.*, 2012 WL 7856269, at *2 (S.D. Fla. 2012) (ordering in TCPA case that, "in the interests of efficiency, Defendant should be allowed to conduct discovery on and submit a dispositive motion as to Plaintiff's individual claims" with "a schedule for class certification briefing [to] be set after Defendant's dispositive motion is resolved."); *Mitchell v. Indus. Credit Corp.*, 898 F. Supp. 1518, 1521 (N.D. Ala. 1995) (phasing discovery where "the first phase … would focus on the claims of the named plaintiffs and ... discovery regarding putative class members and class status would be allowed, if appropriate, at a later time"). As one such court noted, "any prejudice to Plaintiff [because of bifurcation] is significantly outweighed by the potential burdens and costs associated with unnecessary class action discovery" American-Amicable will face. *Newell,* 2020 WL 13568762, at *3. Applying these well-settled principles here likewise shows that bifurcated discovery (focusing on Plaintiff's individual claims first before moving on to any broader issues) is appropriate for several reasons:

**First**, if bifurcated discovery reveals that Plaintiff does not have a valid TCPA claim against American-Amicable, it would necessitate dismissal of this case in its entirety. *See, e.g.,*

*Burks v. Arvest Bank*, 2006 WL 3512478, at *2 (E.D. Ark. Dec. 6, 2006) ("Since the Court has dismissed the sole named Plaintiff's individual claims, the Court must dismiss the class allegations as well…."). American-Amicable believes that such will be true here, because (among several other reasons) discovery will likely show that American-Amicable (i) did not physically initiate the subject phone calls directly to her and thus is not directly liable for them under the TCPA and (ii) was not in a common law agency relationship with (*i.e.*, it did not have any control over) any third party that allegedly did physically place the subject calls ("Senior Benefits") and thus is not vicariously liable under the TCPA—which if proven true <u>alone</u> would be fully dispositive of <u>all</u> Plaintiff's TCPA claims in this case. *See, e.g., Nelums v. Mandu Wellness, LLC*, 2023 WL 5607594, at *9 (D.N.M. Aug. 30, 2023) ("Because Plaintiff fails to satisfy the first elements of the TCPA[]—that Defendants were directly or vicariously liable for the text messages—the Court does not reach Defendants' arguments regarding whether Plaintiff adequately plead the other elements" of the asserted claims.); *Cunningham v. Daybreak Solar Power*, 2023 WL 3985245, at *2-3 (dismissing TCPA case **with prejudice** and asserting the same TCPA claims, on these bases alone). Resolving that issue would certainly dispose of this whole case quickly, efficiently, and still at an early stage without the need for additional expense or burden on the parties or Court—which is one of the core goals of the Federal Rules of Civil Procedure, in fact. *See* Fed. R. Civ. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to **secure the just, speedy, and inexpensive** determination of every action and proceeding.") (emphasis added).

Accordingly, while American-Amicable acknowledges bifurcated discovery may not be appropriate in all cases, this is not a routine "merits" versus "class" bifurcation request. Rather, American-Amicable merely seeks to focus on narrow issues that are unique to Plaintiff's individual TCPA claims for which no class discovery would be necessary, for efficiency purposes. Indeed, as

one court aptly held when granting such a reasonable request in a TCPA case, "bifurcating discovery into two phases"—*i.e.,* limited discovery into Plaintiff-specific issues, followed by class discovery if Plaintiff's individual claim manages to survive summary judgment—"will promote the efficient resolution of this matter" and "will cause no significant prejudice to Plaintiff" or duplicative effort here. *Newell,* 2020 WL 13568762, at *3. *See also Harris v. Shore Funding Sols. Inc.,* 2023 WL 3440077, at *5 (E.D.N.Y. Apr. 21, 2023) (finding "good cause" in a TCPA case for "limited [bifurcated] "discovery related to Plaintiff's individual claim" because "such discovery would not result in duplication of efforts or substantially overlap with class discovery" and would better serve the purposes of Fed. R. Civ. P. 1). That rings especially true in the present case.

**Second**, in stark contrast, conducting broad discovery (especially class discovery) is not relevant or "necessary to address certain issues that may be dispositive of Plaintiff's individual claims or [her] ability to bring the asserted class claims" in this case. *Osidi,* 2022 WL 623733, at *2. This includes, in particular, whether Plaintiff consented to the calls, whether she registered her number on the National DNC Registry, whether she qualifies as a "residential telephone subscriber" or the subject calls were "telephone solicitations" within the meaning of the TCPA, and whether any of the subject calls to her were "prerecorded" (also all dispositive issues in this case, among others, *see generally* Dkt. 8), in addition to who physically placed the calls for direct and vicarious liability purposes. These are issues relevant to ***Plaintiff*** and her claims and no class discovery is needed to resolve them and, thus, to resolve this entire case in one fell swoop.

In short, it would also certainly be far less efficient to conduct broad class discovery here, when the narrow bifurcated discovery American-Amicable proposes here with respect to Plaintiff's individual TCPA claims, would lead to a much quicker end to this case. That is precisely why federal courts often grant motions to bifurcate discovery in TCPA cases like this. *See, e.g., Harris,*

*supra. See also Fania*, 2024 WL 2607303, at *2 ("In the Court's view, bifurcating discovery into plaintiff specific and class wide phases is the most efficient way to proceed with this litigation" because "the need for class discovery may be eliminated if [defendant] is able to demonstrate that Fania, the sole named Plaintiff, lacks a viable individual claim."); *Newell*, 2020 WL 13568762, at *3 (noting that focusing the parties' initial discovery efforts on the merits of plaintiff's TCPA individual claim "'has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery.'") (quoting *Physicians Healthsource,*2014 WL 413534, at *4); *Akselrod*, 2021 WL 100666, at *2 (finding that focusing the initial phase discovery on the merits of plaintiff's individual TCPA claim would be more efficient); *Moore v. Demand Science Grp, LLC,* 2024 WL 175743, at *1 (N.D. Ill. Jan. 4, 2024) (bifurcating discovery in a TCPA case, with the initial 90-day phase to focus on the merits of Plaintiff's individual claim, holding: "The Court is concerned about wholly unnecessary discovery, so it grants the motion for bifurcation … because it is more efficient to proceed with the limited and targeted discovery as proposed by Defendant given that the overlap between the proposed initial discovery and merits discovery is minimal."). This Court should rule similarly.

**Third**, good cause also exists to bifurcate discovery and deferring broader discovery in this case simply because this is not a run-of-the-mill litigation but instead, as noted above, is a putative nationwide class action. As one court noted in a putative TCPA class action, "***[i]t is well-recognized that discovery in class actions is expensive and asymmetric, with defendants bearing most of the burdens***." *Babare,* 2020 WL 8617424, at *2 (emphasis added). *See also Akselrod,* 2021 WL 100666, at *2 (noting that class discovery "can be particularly resource intensive"); *Bank v. City of Menasha,* 627 F.3d 261, 266 (7th Cir. 2010) (noting that class action plaintiffs can sometimes "us[e] discovery to impose asymmetric costs on Defendants in order to force a

settlement advantageous to the plaintiff regardless of the merits of his suit").

As applied here, Plaintiff seeks to represent countless numbers of putative class members in ***two nationwide proposed classes*** (*see* Dkt. 10, ¶ 57), which undoubtedly increases the scope of discovery and thus will lead to potentially unnecessary costs and wasted party resources. Indeed, Plaintiff has already issued (just days after the parties held their Rule 26(f) conference) extremely broad discovery requests, seeking a whole host of class related information irrelevant to determining whether Plaintiff herself even has a valid TCPA claim and thus could even represent the putative classes in the first place. *See* Ex. A attached. Forcing American-Amicable to respond to Plaintiff's broad class discovery now would be and is <u>inherently</u> and highly prejudicial to American-Amicable, because all that discovery could be rendered moot if individual discovery resolves the case once her claims are dismissed. All this can be determined and confirmed efficiently by focusing the initial discovery phase on the merits of Plaintiff's individual claims.

**Fourth**, conversely, Plaintiff will suffer no prejudice if the Court bifurcates discovery here either; and, even if she came up with some hypothetical prejudice to her, that is of no moment on this issue. Again, "any prejudice to Plaintiff [because of bifurcated discovery] is significantly outweighed by the potential burdens and costs associated with unnecessary class action discovery" that American-Amicable will face here, should narrower discovery prove she has no claim or lacks standing. *Newell,* 2020 WL 13568762, at *3. *See also Harris,* 2023 WL 3440077, at *5 (ruling similarly); *Canady,* 2020 WL 5249263, at *4 (noting the legal obligation to preserve evidence reduces the risk of evidence being destroyed, lost, corrupted, or forgotten); *Raimo,* 2021 WL 243559, at *1("The risk of lost evidence or diminished witness recall is … relatively low in a case based on events that took place so recently."). In short, once again, any risk of lost evidence in this case would be purely hypothetical, and does not outweigh the prejudice to American-Amicable.

>    **2.    American-Amicable Proposes a 90-Day Bifurcated Schedule, Whereby the Parties Would First Conduct Discovery on Issues Unique to, and Then Resolve, Plaintiff's Individual TCPA Claims.**

Along these lines, American-Amicable respectfully submits in the alternative that, if it does not grant a stay, the Court should enter the following bifurcated discovery schedule in this case:

- Discovery as to the merits of Plaintiff's individual claims to proceed for a period of ninety (90) days after entry of the Court's new scheduling order;

- Opening summary judgment motions as to the merits of Plaintiff's individual claims be due no later than thirty (30) days thereafter (though summary judgment motions may be filed at any point prior to this deadline);

- Oppositions to summary judgment due thirty (30) days after service of opening motions; and

- Reply briefs in support of summary judgment due fifteen (15) days after service of oppositions.

American-Amicable further proposes that the Court set a further case management conference, to occur at the Court's convenience, after the Court has ruled on summary judgment motions relating to Plaintiff's individual TCPA claims to order to set (if necessary and should this case proceed) a schedule for class claim discovery and all other case management deadlines.

Courts have often entered similar bifurcated schedules in TCPA cases for efficiency purposes. *See, e.g., Moore,* 2024 WL 175743, at *1 (granting nearly identical bifurcated schedule in TCPA case, involving some of the same counsel in this case); *Pavelka,* 2023 WL 3728199, at *3 ("The Court finds that bifurcation of discovery to first address the individual liability claims, and then to entertain possible summary judgment motion practice on Plaintiffs' individual claims, prior to class action discovery, is appropriate []. The Court also finds that the parties should be given an opportunity to complete discovery on Plaintiffs' individual liability claims prior to any summary judgment motion practice that may be initiated on those individual claims at a later date."); *Newell,* 2020 WL 13568762, at *3 (ruling similarly); *Leschinsky,* 2015 WL 6150888, at

*1 (bifurcating discovery for 90 days in a TCPA case to determine whether the named plaintiff had an actionable claim); *Akselrod,* 2021 WL 100666, at *2 (bifurcating discovery, allowing roughly 90 days for the first phase devoted to the merits of plaintiff's individual TCPA claims and the second to class discovery); *Katz,* 2019 WL 957129, at *2 (same); *Mantha v. QuoteWizard.com, LLC*, 2020 WL 4369701, at *3 (D. Mass. July 30, 2020) (same). This Court should too.

* * *

Thus, for all these reasons, American-Amicable submits that this Court should follow the foregoing well-reasoned authorities here and, should it decide not to stay all discovery during the pendency of American-Amicable's Motion to Dismiss for any reason, it should alternatively enter a similar bifurcated discovery schedule as proposed above, also for efficiency purposes.

## CONCLUSION

In sum, American-Amicable seeks a temporary stay of discovery so that the Court can decide the pending dispositive Motion to Dismiss without burdening the parties or Court with time consuming and costly discovery. Given the likelihood of success on American-Amicable's Motion to Dismiss and the inherent prejudice American-Amicable would suffer were it forced to proceed with burdensome class-wide (or other broader) discovery while that motion is pending, a short stay of discovery is justified. And a stay would not prejudice Plaintiff and would further conserve judicial resources by avoiding costly discovery disputes that are likely to be wholly unnecessary.

Consequently, for all of the reasons above, and as may be further presented to the Court, American-Amicable respectfully requests that the Court enter a Rule 26(c) protective order temporarily staying all discovery in the matter until after the Court rules on American-Amicable's pending Motion to Dismiss, or in the alternative bifurcating discovery between individual and class issues, along with granting American-Amicable all other relief the Court deems just and proper.

American-Amicable further requests, also for the sake of judicial and party economy, that the Court either refrain from entering a scheduling order and/or continue all discovery deadlines (including to any discovery requests issued by Plaintiff) while it considers the instant Motion.

Dated: July 12, 2024                                    Respectfully submitted,

                              **HUSCH BLACKWELL LLP**

                              By: /s/ Ryan A. Burgett

                                      Ryan A. Burgett, TN BAR No. 33641
                                      736 Georgia Avenue, Suite 300
                                      Chattanooga, TN 37402
                                      Tel: (423) 266-5500
                                      Fax: (423) 266-5499
                                      ryan.burgett@huschblackwell.com

                                      John W. McGuinness (*Pro Hac Vice* to be requested)
                                      A. Paul Heeringa (*Pro Hac Vice* to be requested)
                                      MANATT, PHELPS & PHILLIPS, LLP
                                      1050 Connecticut Avenue, NW, Suite 600
                                      Washington, D.C. 20036
                                      Telephone: 202-585-6500
                                      Facsimile: 202-585-6600
                                      jmcguinness@manatt.com
                                      pheeringa@manatt.com

                                      *Attorneys for Defendant*

## **CERTIFICATE OF CONFERRAL**

I certify that counsel for the parties met and conferred in good faith prior to the filing of the foregoing motion, and were not able to reach an agreement on the issues relief sought therein. Therefore, the motion is opposed.

By: */s/ Ryan A. Burgett*
Ryan A. Burgett

## **CERTIFICATE OF SERVICE**

I certify that on, July 12, 2024, a true and correct copy of the foregoing document was electronically filed with the Court's ECF system to be sent via the electronic notification system to all counsel of record in the above-captioned matter.

By: */s/ Ryan A. Burgett*
Ryan A. Burgett