**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| YAZMIN GONZALEZ<br>Plaintiff,<br>vs.<br>AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS<br>Defendant. | Case No. 1:24-cv-00065 |

**PLAINTIFF'S OPPOSITION TO THE**
**MOTION TO STAY OR BIFURCATE DISCOVERY**

The Court should deny Defendant American Amicable Life Insurance Company of Texas ("American Amicable") motion to stay or bifurcate in all respects because staying or bifurcating the case will be inefficient and prejudicial.

## I. A Stay Would be Prejudicial

In the Fifth Circuit, staying discovery while a motion to dismiss is pending "is the exception rather than the rule." *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2015 U.S. Dist. LEXIS 178956, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015). A motion to stay discovery is not "automatically granted whenever a motion to dismiss is pending." *Id.* "Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss." *Id.* "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 U.S. Dist. LEXIS 98963, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017). An order staying [*4] discovery should only be issued upon a showing of "good cause" by

the movant. *Griffin*, 2015 U.S. Dist. LEXIS 178956, 2015 WL 11019132, at *2; *see* FED. R. CIV. P. 26(c).

"A motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). Furthermore, "[w]hile, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise." *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663-RP, 2016 U.S. Dist. LEXIS 144473, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016) (Austin, Magis. J.). This case does not present unusual circumstances, in its motion (ECF. No. 11) ("Motion" or "Mot."), the Defendant makes a bold assertion, alleging that the textbook investigation that the Plaintiff has conducted to ascertain the identity of each of the illegal prerecorded robocalls she received is somehow still insufficient to draw the inference at the pleadings stage that the calls she received came from American-Amicable. It says this is the case despite Plaintiff not only speaking to *two agents* who claimed to be in various departments, including the "underwriting department" of Defendant American-Amicable, but also receiving an American-Amicable life insurance policy as a result of the illegal calls she received, which all delivered the *same pre-recorded message* and bore similar indicia that they were all sent from the same place, including the same temporal proximity and use of completely randomized caller IDs. Moreover, a stay related delay would prejudice Plaintiff and other class members by amplifying the risk that evidence will be lost or destroyed. *E.g., Saleh v. Crunch, Ltd. Liab. Co.*, No. 17-62416-Civ-COOKE/HUNT, 2018 U.S. Dist. LEXIS 36764, at *4-5 (S.D. Fla. Feb. 28, 2018) ("a stay would prolong this matter on the Court's docket and could conceivably prejudice Plaintiff by the fading memory of any witnesses"); *Lathrop v. Uber Techs., Inc.*, No. 14-CV-

05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (plaintiffs in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate").

The risk to the putative class members' interests is not merely hypothetical. Multiple decisions in TCPA class action cases have turned on the destruction of records necessary to identify class members. *E.g., Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007) (denying class certification in a TCPA case because "critical information regarding the identity of those who received the facsimile transmissions" was not available); *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011) (granting the defendant summary judgment for the substantially the same reason). As a result, courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See e.g. Cooley v. Freedom Forever LLC et. al*., Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014). There are also other prejudices not associated with calling records that the Plaintiff will face from a stay. *See Sanaah v. Howell*, 2009 Civil Action No. 08-cv-02117-REB-KLM, U.S. Dist. LEXIS 35260, *2 (D. Colo. Apr. 9, 2009) ("with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed."). Here, the Plaintiff is

simply seeking to proceed in the ordinary course with discovery. In denying a motion to stay, another federal court considered this issue in a TCPA case:

> In addition, Orangetheory has not demonstrated irreparable injury; it notes only that it is potentially on the hook for substantial damages, given the putative nationwide class. Monetary damages, of course, do not by themselves constitute irreparable injury. Simon, on the other hand, persuasively argues that she would be injured by a stay, particularly because discovery has yet to commence, and evidence is at risk of being lost. This injury, which is both likely and irreparable, far outweighs the injury posed by a potential future judgment for money damages.
>
> …
>
> In the meantime, it is clear that critical evidence, including [*22] records from any third parties that Orangetheory may have contracted with for its telephone marketing, may be lost or destroyed.

*Simon v. Ultimate Fitness Grp., LLC*, Case No. 19-cv-890, 2019 U.S. Dist. LEXIS 147676, at *18, 21-22 (S.D.N.Y. Aug. 19, 2019).

## II.     Bifurcation of Discovery Would be Inefficient and Prejudicial

Bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015).  That is readily apparent here, especially because the Defendant seeks *three* phases of trifurcated discovery.  To begin, the proposed bifurcation guarantees that the parties will need to duplicate their work.  First, the parties would undertake "individual merits" discovery and all that entails: written discovery requests, depositions, and then expert disclosures and expert depositions, all limited just to the one affirmative defense. Then, Defendant would file a dispositive motion limited to some supposedly undisclosed defense to Plaintiff's individual claims. And then, should the Court deny that motion, the parties have to start all over again, serving discovery requests and taking depositions of the same witnesses a second time, but this time focusing on class certification and/or class merits issues, as well as the remaining issues on the Plaintiff's individual claim.  And after that, there would be a second round

of dispositive motions on the class claims. All told, this means at least two rounds of written discovery, two rounds of depositions (with the same witnesses being deposed twice), and then two rounds of summary judgment briefing. This is the opposite of judicial economy. Indeed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co,* 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. September 15, 2014).

The Court could deny the motion to bifurcate for this reason alone. *See id.* (denying similar motion to bifurcate merits and class discovery in a TCPA case); *EQT Prod. Co. v. Terra Servs., LLC*, 2014 U.S. Dist. LEXIS 203680, *4 (W.D. Pa. October 21, 2014) ("Terra's proposal would likely result in deposing the same witnesses twice—once in the liability phase, and again in the damages phase. This is the definition of inconvenience, and the additional cost of duplicative depositions and document review combine to counsel against bifurcation in this case.").

Apart from the duplication of discovery outlined above, Defendant's proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. There is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class certification. Indeed, "[class certification] analysis will frequently entail overlap with the merits of the plaintiff's underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted); *Charvat v. Plymouth Rock Energy, LLC,* No. 15-CV-4106, 2016 U.S. Dist. LEXIS 6778, at *6 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate merits and class discovery in TCPA action…"In fact, bifurcation would have the opposite effect."); *Lakeland Reg'l Med. Ctr. v. Astellas US,* LLC, 2011 U.S. Dist. LEXIS 16684, *4 (M.D.

Fla. 2011) ("the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."); Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'"). As another Court ruled when denying a motion to bifurcate in a TCPA case earlier this year:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB,* Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023).

Given this overlap, bifurcation would "belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery." *In re Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989, *9 (E.D. Pa. November 29, 2004) (citing *In re Hamilton Bancorp. Inc. Securities Litigation*, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002) (noting that "bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery").

And because, like a stay, bifurcation would delay discovery necessary to demonstrate the classes' claims, it would prejudice Plaintiff and other class members by amplifying the risk that evidence will be lost or destroyed. *E.g., Saleh*, 2018 U.S. Dist. LEXIS 36764, at *4-5.

***

The Court should therefore deny the Defendant's motion to stay or bifurcate in all respects.

Dated: July 15, 2024

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

*/s/ Anthony Paronich*
Anthony Paronich

Dated: July 15, 2024