# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| YAZMIN GONZALEZ, individually and behalf of classes of all persons and entities similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:24-cv-00065-RP |
| AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS, | |
| Defendant. | |

## DEFENDANT AMERICAN-AMICABLE'S
## REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER TO
## TEMPORARILY STAY OR BIFURCATE DISCOVERY

As shown below, Plaintiff's Opposition (Dkt. 20) to American-Amicable's "Motion for Protective Order to Temporarily Stay or Bifurcate Discovery" (Dkt. 16, the "Motion") lacks merit.

**First**, ignoring all the numerous cases cited in the Motion showing that courts in this Circuit have in fact <u>often</u> stayed discovery during the pendency of a dispositive motion like American-Amicable's for the sake of judicial and party economy (*see* Dkt. 16 at 4-9), Plaintiff cites a handful of decisions to suggest that such stays are rarely granted and generally inappropriate in every case (*see* Dkt. 20 at 2 (citing *Griffin*, *Valenzuela*, and *YETI Coolers*)). This argument is unavailing.

While American-Amicable acknowledges that discovery stays may not be the *norm* in this Circuit (or at least not in those particular district courts), in that stays are not automatically granted just because a defendant moves for a dismissal, even Plaintiff's cherry-picked authorities[1] confirm that there may be sufficient "good cause" under Rule 26(c) justifying such a stay where (as here) a pending "motion to dismiss raises a serious legal question or factual deficiency that has a reasonabl[e] likelihood of resulting in the dismissal of the case." *YETI Coolers, LLC v. Magnum Solace, LLC*, 2016 WL 10571903, at *2 (W.D. Tex. Oct. 19, 2016). Such is true for American-Amicable's fully-briefed motion to dismiss Plaintiff's First Amended Complaint—which, as the Court can plainly see, presents multiple well-supported grounds for dismissing this ***entire*** case ***with prejudice***, given the utter dearth of factual support for her claims. *See generally* Dkts. 11 and 13. In short, American-Amicable's motion to dismiss, by any possible definition, raises a "serious …

---

[1] Plaintiff's cited cases (none of which were class actions) are also distinguishable, primarily because the courts in *Griffin* and *Valenzuela* did not believe the scope of discovery would be significant or burdensome, and the court in *YETI* felt the defendant's dispositive motion did not have a "sufficient likelihood of success." In stark contrast, American-Amicable's dispositive motion (*see* Dkts. 11, 13 and 21) is well-founded and shows that federal district courts have routinely dismissed substantially similar (if not nearly identical) TCPA complaints as Plaintiff's on the same bases under Rule 12(b)(6). Moreover, as previously noted, this is a nationwide putative class action, where the scope of discovery will be significant and would be costly and inherently burdensome and prejudice to any defendant. *See* Dkt. 15 at 16-17 (citing, *inter alia*, *Babare*). Plaintiff's Opposition ignores this.

factual deficiency that has a reasonable likelihood of resulting in a dismissal of this case" if granted.

Plaintiff's Opposition to the instant Motion does not demonstrate otherwise. Rather, in an attempt to suggest American-Amicable's dispositive motion is doomed to fail, Plaintiff rehashes a flawed argument from her opposition brief to that motion. In that regard, she vaguely asserts that her pleading reflects a "textbook investigation that [she] has conducted to ascertain the identity of each of the illegal prerecorded robocalls [*sic*] she received," in support of her direct TCPA liability theory. Dkt. 20 at 2; *see also* Dkt. 12 at 1.[2] As American-Amicable has already refuted that argument in its supporting reply brief (*see* Dkt. 13 at 5-6), it will not belabor that point here. Suffice it to say for present purposes, whatever "investigation" Plaintiff undertook to identify the actual callers—*i.e.,* who actually physically placed the subject calls directly to her, which is what she needs to plead with sufficient supporting facts to plausibly allege a direct TCPA liability theory and avoid a dismissal on that basis[3]—prior to filing suit was faulty and is certainly not reflected by the threadbare allegations in her pleading. Indeed, American-Amicable's motion to dismiss demonstrates that what Plaintiff is really alleging here, at bottom, is that she was physically called **by a third party** ("Senior Benefits"), and was then subsequently ***transferred*** by the initial caller to an unidentified person and then to American-Amicable, which is not direct TCPA liability as a matter of well-settled federal law. *See* Dkt. 11 at 12-13; Dkt. 13 at 2-3, 5-6, 8-9; Dkt. 21. As such, her entire First Amended Complaint is subject to dismissal with prejudice. *See* Dkt. 11 at 8 (citing *Daybreak* and *Nelums*).[4]

---

[2] Presumably this is typographical error and Plaintiff is referring to the "identity" of the *callers* and not the "robocalls." The latter would be nonsensical.

[3] *See* Dkt 11 at 8-16.

[4] Plaintiff's opposition brief to the motion to dismiss does not contest, and therefore concedes, American-Amicable's arguments with respect to her failure to allege a plausible vicarious TCPA liability claim and for a dismissal with prejudice. *See* Dkt. 13 at 6, 10 & n.3 (citing *Black*). Moreover, Plaintiff's Opposition ignores that direct TCPA liability is not the only grounds for dismissal in American-Amicable's dispositive motion. *See* Dkt. 11 at 16-20. As American-Amicable previously noted, even a partial dismissal on those issues would serve to narrow the claims and thus the scope

**Second**, Plaintiff's primary (and seemingly sole) argument against a stay and bifurcation is there is some generalized "prejudice" she might suffer due to the potential risk of evidence being lost. *See* Dkt. 20 at 3-4, 6. As this argument was anticipated and rebutted in the Motion (which Plaintiff's Opposition ignores too), American-Amicable will not belabor that issue, either. *See* Dkt 16 at 8-10, 14, 16. The bottom line is that the mere ***possibility*** of unavailable or destroyed evidence is a "prejudice" inherent in ***any*** stay in ***any*** civil case that does not defeat a motion to stay discovery. *See* Dkt. 16 at 10 (citing *Babare, Raimo*, *Fazio*, *Ankcorn*, *Mestas*, *Canady*).[5] Nor does her speculative prejudice argument have any impact on whether bifurcated discovery would be appropriate here, should discovery proceed. *See* Dkt. 16 at 16 (citing *Newell*, *Harris*, *Canady*, *Raimo*).

The authorities upon which Plaintiff relies on this point do not compel a different result. *See* Dkt. 20 at 2-4. For example, she cites several cases where courts were deciding whether to permit plaintiffs to commence "limited" discovery, under the guise of preserving evidence, where there was a specific demonstrated threat of that discovery being lost. *See id*. (citing *Cooley v. Freedom*, *Cooley v. First Data*, *Abante*, *Mey*). That is not so here. In *Saleh v. Crunch, LLC*, the court declined to stay the entire case pending a decision from the Ninth Circuit Court of Appeals because the Ninth Circuit's decision would not be binding on the court and would not automatically moot the case. *See* 2018 WL 11264884, at *1 (S.D. Fla. Feb. 28, 2018). In *Lathrop v. Uber Techs., Inc.*, the defendant filed a motion to stay pending two separate proceedings before entirely different courts. *See* 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016). The *Lathrop* court found plaintiffs would suffer prejudice if a stay was granted because the case "would extend for an indeterminate length of time, increase

---

of discovery necessary in this case, which also militates in favor of entering a discovery stay until the dispositive motion is decided. *See* Dkt. 16 at 6 (citing *Fujita*, *Von Drake*, and *Thomas*).

[5] *See also Silva v. Connected Invs., Inc.*, 2021 WL 4222592, at *2 (E.D.N.C. Sept. 16, 2021) (staying discovery in TCPA case, where the dispositive motion was "fully briefed and ripe for decision, and Plaintiff's assertion of prejudice based on the potential for lost discovery was generalized").

3

the difficulty of reaching class members, and increase the risk that evidence will dissipate," given that one of those court's opinions was unlikely to be the final step in the litigation, and the other court's opinion was unlikely to render the instant case moot. By contrast, here, American-Amicable seeks a ***brief*** stay of discovery during the pendency of its own fully-briefed motion to dismiss ***in the same proceeding***. The period until this Court's ruling on that motion will certainly not "extend for an indeterminate length of time." In fact, there is no reason to think this Court will not rule in its usual timely fashion or that a stay would increase the difficulty of reaching putative class members.

Additionally, *Levitt v. Fax.com*, 2007 WL 3169078, at *2 (D. Md. May 25, 2007) and *Pasco v. Protus IP Sols., Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011), do not support the proposition that a brief delay of discovery here will increase risk to the putative class members. In fact, neither *Levitt* nor *Pasco* involved a motion to stay discovery or concerned destruction of evidence on account of a brief delay. And the defendant in *Simon v. Ultimate Fitness Group LLC* requested an indefinite stay, pending the outcome of a potential FCC ruling. 2019 WL 4382204, at *8 (S.D.N.Y. Aug. 19, 2019). In contrast to all of Plaintiff's cited authorities, this case is still in its very early stages, American-Amicable is certainly not asking for an indefinite stay, there is no reason to think any evidence will be lost or that any party or third party is not properly preserving evidence (and Plaintiff has not shown otherwise), and any delay is likely to be short (perhaps a few weeks or months, not years).

**Third**, Plaintiff ignores most of the arguments and all of the many directly on-point cases cited in the Motion on American-Amicable's alternative request for bifurcation—many of which involved nearly identical factual and legal issues (and even some of the same counsel) as those at bar. Plaintiff's scant cited authorities on this point are likewise distinguishable. *See* Dkt. 20 at 4-6. For example, many of the cases she cites (*e.g.*, *Lakeland*, *EQT*, *In re Plastics Additives*, *In re Hamilton Bancorp, Comcast*) are not even TCPA cases, where there are often narrow case-

dispositive issues unique to the named plaintiff that can more efficiently addressed through bifurcated discovery, with negligible (if any) overlap with class issues, as the Motion shows. *See* Dkt. 16 at 10-15. Moreover, the few TCPA cases Plaintiff cites (*e.g.*, *Hartley-Culp, Charvet*, *Katz*) are outlier decisions, standing in contrast to the vast weight of applicable federal authorities cited in the Motion, all demonstrating that "[i]n cases asserting both individual liability and potential class action claims under the TCPA, courts have [often] bifurcated discovery 'where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery'" for efficiency purposes. *Fania v. Kin Ins., Inc.,* 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (quoting *Pavelka v. Paul Moss Ins. Agency, LLC,* 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023)). American-Amicable's Motion shows such narrow issues exist here and, thus, that bifurcation would be more efficient if discovery proceeds. *See* Dkt. 16 at 13-14. Plaintiff's Opposition does not show otherwise, let alone explain how the short bifurcated discovery period the Motion proposes would somehow be *less* efficient than conducting undoubtedly costly and time consuming class discovery that could all be rendered moot if her individual claim does not survive summary judgement.

**Finally**, Plaintiff complains about the overlap between class and merits discovery. Dkt. 20 at 4-6. This is a red herring. American-Amicable is not seeking "trifurcated discovery" as Plaintiff argues. *Id*. at 4. Further, that "class and merits-based discovery will … inevitably be intertwined to some extent does not necessitate denying a motion to bifurcate." *Chenault v. Beiersdorf, Inc.,* 2020 WL 5016795, at *2 (S.D. Ohio, Aug. 24, 2020); Dkt. 16 at 14-15 (citing *Harris* and *Moore* (ruling similarly in TCPA cases)). In short, "bifurcating discovery into plaintiff specific and class wide phases is the most efficient way to proceed with this litigation" because "the need for class discovery may be eliminated if [American-Amicable] is able to demonstrate that [Ms. Gonzalez], the sole named Plaintiff, lacks a viable individual claim." *Fania*, 2024 WL 2607303, at *2.

Dated: July 22, 2024                              Respectfully submitted,

                                              **HUSCH BLACKWELL LLP**

By: /s/ Ryan A. Burgett

    Ryan A. Burgett, TN BAR No. 33641
    736 Georgia Avenue, Suite 300
    Chattanooga, TN 37402
    Tel: (423) 266-5500
    Fax: (423) 266-5499
    ryan.burgett@huschblackwell.com

    John W. McGuinness (*Pro Hac Vice* to be requested)
    A. Paul Heeringa (*Pro Hac Vice* to be requested)
    MANATT, PHELPS & PHILLIPS, LLP
    1050 Connecticut Avenue, NW, Suite 600
    Washington, D.C. 20036
    Telephone: 202-585-6500
    Facsimile: 202-585-6600
    jmcguinness@manatt.com
    pheeringa@manatt.com

    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    I certify that on, July 22, 2024, a true and correct copy of the foregoing document was electronically filed with the Court's ECF system to be sent via the electronic notification system to all counsel of record in the above-captioned matter.

                                                            By: */s/ Ryan A. Burgett*
                                                                   Ryan A. Burgett